## GODKIN *v.* OBENAUER.

113   93
f158   695

ESTOPPEL—INSPECTION OF LUMBER—NEGLIGENCE.

> A lumberman who sells his lumber according to a certificate of inspection, after learning of a discrepancy between the actual measurement as shown by the certificate and his own estimate of the quantity of the lumber, cannot recover against the party who issued the certificate, upon the basis that his own estimate was correct and the certificate wrong.

Error to Bay; Maxwell, J. Submitted April 30, 1897. Decided May 25, 1897.

Assumpsit by John Godkin against Henry G. Obenauer and another for failure to make a proper inspection of plaintiff's lumber. From a judgment for defendants, plaintiff brings error. Affirmed.

Plaintiff was a lumberman, and had upon the docks at his mill in Schoolcraft county piles of lumber ready for shipment. It was the custom to sell lumber in Chicago according to the certificates of inspection as to both quality and amount. The defendants were known in Chicago as accurate and experienced inspectors. Plaintiff applied to them to inspect this lumber, which was to be shipped on two vessels. They informed him that they could not do it themselves, but would send a competent man, with certificates of inspection signed by them in blank, to be filled out by the inspector. They sent an inspector named Parish, a man of experience and skill. He inspected the lumber as it was transferred to the vessels, made out his certificates, delivered them to the plaintiff, who sent them to a commission merchant in Chicago, and the lumber was sold by him according to this inspection. Plaintiff and a man named Little made an estimate of this lumber upon the docks, which was

greater than the amount as determined by Parish. Plaintiff brought this suit against the defendants, alleging negligence on their part, through their agent, Parish, in making the measurements. It is alleged that he "so negligently, carelessly, and unskillfully performed said service that he failed and omitted and neglected to inspect about 50,000 feet of lumber, and inspected as cull about 50,000 feet that, if properly inspected, was worth $13.15 per thousand, but under said inspection was so graded as to bring only about $7 per thousand." The case was submitted to the jury to determine between the estimate of plaintiff and the measurement of Parish. The jury found for the defendants.

*C. L. Collins*, for appellant.

*Porter & Haffey* (*De Vere Hall*, of counsel), for appellees.

GRANT, J. (*after stating the facts*). It would be necessary to discuss some of the assignments of error, provided the plaintiff had made such a case as should have been submitted to the jury. Counsel for the defendants contend that the alleged errors are immaterial, since the court should have directed a verdict. Counsel for the plaintiff contends that this question cannot be now raised, as the record does not contain all the testimony. We must hold that the record contains all the testimony under the following decisions: *Hitchcock* v. *Burgett*, 38 Mich. 508; *Ironwood Store Co.* v. *Harrison*, 75 Mich. 201. Whether or not this be so, the sole basis on which plaintiff asked to recover was the estimate. He introduced no testimony of actual measurement.

It appears that the first cargo contained 296,252 feet, and the second 201,671 feet. Before the first cargo was completed, Parish informed plaintiff that the lumber would not hold out according to his estimate. When the first cargo was loaded, Parish gave plaintiff a certificate of inspection, which he inclosed to his agent in Chicago,

with directions to sell. He at the same time informed
him that he would require a vessel to carry about 200,000
feet for the second cargo. Plaintiff. telegraphed for a
vessel to hold that amount, and, as already shown, the
cargo amounted to a little over 200,000 feet. Plaintiff
therefore knew of the discrepancy between the actual
measurement and his estimate. He knew of this dis-
crepancy before the first cargo was loaded. It was his
duty to secure a second inspection if he desired to hold
the defendants for damages. His estimate was not, and
could not be, accurate. While the lumber was in his own
control, and it was in his power to have it remeasured, he
chose to sell it according to the certificates of inspection.
Since he chose to act under the inspection and sell his
lumber by it with full knowledge of all the facts, the law
will not permit him to recover upon the basis that his
estimate was correct and the actual measurement wrong.
Some of these piles contained over 100 courses. The
lumber was of various lengths from 12 to 16 feet, accord-
ing to plaintiff's testimony, and, according to Little and
Parish, from 10 to 18 feet. The estimate was made by
taking from 5 to 7 courses, measuring the width of the
boards in each course, estimating the average length, and
thus determining the amount in these courses. The rest
of the pile was estimated by the amount thus reached.
It is true that plaintiff was so confident of the correctness
of his estimate that he said: "From my experience, my
estimates and inspection have varied sometimes; but I
consider the measurement wrong, not my estimate." But
he also testified that there would be some very heavy
variations. "Sometimes there would be such a variation
between my estimate and the shipment that I would have
to stop them." He was not present at all the estimates,
but his employé, Little, made some of them alone. He
also said: "I estimated some of the piles, and Little and
myself the others. Sometimes I made up my estimate on
my judgment, Little on his judgment; and sometimes we
then took the combined judgment of both of us. Some-

times I might measure the boards while he might count the courses." It is unnecessary to further state the testimony. For the reason above given, the plaintiff was not entitled to recover, and the errors were therefore harmless.

Judgment affirmed.

The other Justices concurred.